IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRISTAN MICHAEL LUKEHART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 24-1514 |
| ) | Judge Nora Barry Fischer |
| SUPERINTENDENT HAINESWORTH, et. ) | Magistrate Judge Christopher B. Brown |
| al., ) | |
| ) | |
| Respondents. ) | |

**<u>MEMORANDUM ORDER</u>**

AND NOW, this 17th day of November, 2025, upon consideration of the Report and Recommendation filed by United States Magistrate Christopher B. Brown on October 15, 2025, (Docket No. 22), recommending that Respondents Superintendent Hainesworth, et al.'s Motion to Dismiss (Docket No. 10) be granted and that Petitioner Tristan Michael Lukehart's § 2254 Petition (Docket No. 5) be dismissed as untimely because it was filed after the expiration of the 1-year statute of limitations set forth in 28 U.S.C. § 2244(d), and that no certificate of appealability should issue, and directing that objections be filed within 14 days, (Docket No. 22), Petitioner's Objections which were timely filed on October 28, 2025, (Docket No. 11), the Response to Objections filed by Respondents on November 12, 2025, and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation of October 15, 2025, (Docket No. 22),

IT IS HEREBY ORDERED that the Report and Recommendation [22] is ADOPTED as the Opinion of this Court;

1

IT IS FURTHER ORDERED that Petitioner's Objections [23] are OVERRULED, as he has failed to demonstrate that he is entitled to statutory or equitable tolling and/or that the actual innocence exception to the AEDPA statute of limitations would apply, *see e.g., Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).  To that end, for the reasons set forth in the Report and Recommendation, Petitioner has not shown how his lack of access to the law library in 2021 during the covid-19 pandemic precluded him from timely filing his petition by September 16, 2024 and his misunderstanding of the law regarding the limitations period does not suffice to warrant equitable tolling.  (Docket No. 22).  In addition, his post-hoc claim of actual innocence is too general and relies upon alleged factual disputes from a preliminary hearing which are not sufficient to set aside his guilty plea.  *See Wallace v. Mahanoy*, 2 F.4th 133 (3d Cir. 2021) (citations omitted) ("To satisfy the demanding actual innocence exception, a petitioner must (1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence");

IT IS FURTHER ORDERED that the Motion to Dismiss (Docket No. 10) is GRANTED;

IT IS FURTHER ORDERED that the Petition (Docket No. 5) is DISMISSED as untimely;

IT IS FURTHER ORDERED that no certificate of appealability shall issue because Petitioner has not made a substantial showing of the denial of a Constitutional right or shown that jurists of reason would disagree that the Petition is untimely and that there has not been a sufficient showing that the limitations period should be tolled or that the actual innocence exception applies, *see e.g., Slack v. McDaniel*, 529 U.S. 473 (2000); and,

IT IS FURTHER ORDERED that an appropriate judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record.
         Magistrate Judge Christopher B. Brown

cc:      TRISTIAN MICHAEL LUKEHART
         QK1614
         SCI LAUREL HIGHLANDS
         5706 Glades Pike
         P.O. Box 631
         Somerset, PA 15501 (via first class mail)